IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

05 FEB 23 PM 2: 41

v.

Civ. No. 05-0023 JP/RLP
Cr. No. 00-1235 JP

JOE ROMERO,

Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Mr. Romero is currently confined in the Federal Correctional Institute in Las Vegas, Nevada. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States v. Romero*, Cr. 00-1235 JP on June 6, 2002.

2.  Pursuant to a plea agreement with the Government, Mr. Romero pled guilty to one count of a five-count indictment.[2] Count V charged Mr. Romero with possessing with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] Counts I-1V alleged possession and possession with intent to distribute more than 50 grams of methamphetamine (Counts I & II) or more than 500 grams (Count III) and conspiracy to possess with intent to distribute (Count IV).



§ 841(a)(1) and (b)(1)(A). The remaining counts were dismissed by motion of the Government. The district court sentenced Mr. Romero to a total term of 120 months' imprisonment.

3. Mr. Romero appealed his sentence to the Tenth Circuit Court of Appeals. On appeal Mr. Romero argued "sentencing entrapment" and constitutionally ineffective assistance of counsel. In an unpublished opinion the Tenth Circuit affirmed his conviction, finding that sentencing entrapment was raised for the first time on appeal and that Mr. Romero's guilty plea had waived the defense. *United States v. Romero*, 85 Fed. Appx. 178, *180 (10th Cir. 2004) (unpublished opinion). The court further advised Mr. Romero that ineffective assistance claims would not be addressed on direct appeal. *Id.*

4. Mr. Romero raises both claims in his § 2255 Motion. As for the sentencing entrapment claim, "issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 790 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)). An exception is where there is an intervening change in the law, *id.*, but Mr. Romero cites no such change and the court has not found any.

5. As for the ineffective assistance of counsel claim, properly raised in this collateral motion, success depends upon whether Mr. Romero can show *both* that his counsel was constitutionally ineffective and that he suffered prejudice therefrom. *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). Mr. Romero argues that counsel was ineffective for failing to argue sentence entrapment to the sentencing court. To determine counsel's effectiveness, the court must look to see if Mr. Romero's arguments

2

about sentencing entrapment are valid. Counsel cannot be found ineffective for failing to raise an issue without merit. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir.1998), *cert. denied*, 525 U.S. 1151 (1999)

6. As stated by the Tenth Circuit:

> Arguments presented as "sentencing factor manipulation" or "sentencing entrapment" are analyzed under the "outrageous conduct" standard that is invoked to prevent the government from prosecuting a crime developed through egregious investigatory tactics. The relevant inquiry is whether, considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice.

*United States v. Rice*, 100 Fed.Appx. 739, *741 (10th Cir. 2004) (unpublished opinion) (quoting *United States v. Lacey*, 86 F.3d 956, 963 (10th Cir.), *cert. denied*, 519 U.S. 944 (1996)) (internal quotation marks, brackets and citations omitted).

7. The Tenth Circuit has detailed the necessary elements to succeed on the claim: "(1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime." *United States v. Pedraza*, 27 F.3d 1515, 1521 (10th Cir. 1994). However, "it is not outrageous for the government . . . to induce a defendant to repeat, continue, or even expand previous criminal activity." *Id.*

8. Mr. Romero's main argument is that when he first sold the government a small amount of drugs the government at that time had probable cause to arrest him; he contends that to keep requesting and purchasing greater and greater amounts of the illegal drugs constitutes sentencing entrapment. The foregoing quote from *Pedraza*, however, indicates that the government's actions were neither excessive nor outrageous.

3

Accordingly, Mr. Romero's counsel was not ineffective for having Mr. Romero enter into a plea agreement, because Mr. Romero had no grounds to argue sentencing entrapment.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be denied and that the case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge